```
               UNITED STATES  DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

YVONNE M. BIRDSALL                              CIVIL ACTION

versus                                          NO. 06-9471

STATE FARM FIRE AND CASUALTY COMPANY            SECTION: E/1
and SIDNEY J. GOODREAUX INS. AGENCY

## ORDER AND REASONS

Plaintiff ("Birdsall") filed a motion to remand this case to the Civil District Court for the Parish of Orleans. Record document #5. Defendant State Farm opposes the motion. After considering the motion, memoranda, the record and the law, the motion to remand is DENIED.

## BACKGROUND

Birdsall filed suit in state court on August 28, 2006, against State Farm, which issued a homeowners' insurance policy for a residence located at 5200 Warrington Drive[1] in New Orleans, and against the Sidney J. Goodreaux Insurance Agency ("Goodreaux"), a Louisiana corporation which procured the State Farm policy for Birdsall. She made a claim on her homeowners' policy for damages incurred as a result of Hurricane Katrina. State Farm removed the action to federal court alleging diversity jurisdiction.[2] Birdsall responded with this motion to remand

---

[1] The Petition for Damages also makes reference to a property at 5700 Warrington Drive. See ¶ XI. It does not identify the insurance policy by number. However, the policy produced by State Farm bears the number 98-06-6140-5, which insures a rental property at 5200 Warrington Drive.

[2] The Notice of Removal also alleges subject matter jurisdiction pursuant to the MMTJA, 28 U.S.C. 1369(a). Because State Farm did not address this argument in its memorandum in opposition to the motion to remand, it is

alleging that her claim does not meet the requisite jurisdictional amount of $75,000.00 for diversity jurisdiction. State Farm argues that her claim does meet the jurisdictional amount; that Goodreaux is improperly joined in order to defeat diversity jurisdiction; and alternatively, that Birdsall's claims against Goodreaux are perempted pursuant to La. R.S. 9:5606.

## ANALYSIS

A civil action filed in a state court may generally be removed to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000).  The burden is on the removing party to show that federal jurisdiction exists and that removal was proper.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand.  Manguno, 276 F.3d at 723.   When removal is based on diversity jurisdiction,

---

considered abandoned.  Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1030 (5th Cir. Unit "B" 1980)("Failure to brief and argue an issue is grounds for finding that the issue has been abandoned.)

as here, Louisiana law applies to the substantive issues. <u>Erie R.R. Co. v. Tompkins</u>, 304 U.E. 64, 78 (1938).

## Jurisdictional Amount

Under Louisiana law, a petition may not make a demand for a specific monetary amount. La. C.C.P. art. 893(A)(1). There is no minimum jurisdictional amount for a claim in state district court, however, the jurisdictional amount for a jury trial is $50,000.00 (La. C.C.P. art. 1732(1)). In a case where it is not facially apparent from the petition that the amount in controversy is less than $75,000.00, or if the amount in controversy is ambiguous, the court may consider post-removal affidavits or stipulations to determine the amount in controversy as of the date of removal. <u>Davis v. State Farm</u>, 2006 WL 1581272, *3 (E.D.La. 06/07/06). "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000.00 for his pre-removal state court pleadings and stipulations to bind him." <u>Id.</u>, at *2.

State Farm argues that the requisite jurisdictional minimum is met because the limits of the homeowners' insurance policy at issue less the amount that has been paid out to Birdsall totals well over $75,000.00. State Farm provided a copy of the Declarations Page of Birdsall's homeowners' policy showing the various applicable coverage amounts totaling slightly over

$106,000.00 (Opposition, Ex. "B"), and an affidavit of Grover Gail Brashier, State Farm's Fire Claims Team Manager, who testified that less than $8,000.00 has been paid to Birdsall pursuant to her claim. Ex. "C". Approximately $98,000.00 remains available to Birdsall under the total policy coverages.

Birdsall's Petition does not state a claim for a specific monetary amount, and does not demand a trial by jury. It includes at paragraph XII the following language:

> That your Petitioner herein prays for damages as are just and reasonable under the facts and circumstances of this case but do not expect those damages to exceed the total sum of $75,000.00.

Her motion to remand, captioned "Motion to Remand, Memorandum Incorporated, and Stipulations", includes the following statement:

> Plaintiff makes this statement [*supra*] in her original Petition for Damages given the fact that the value of the Plaintiff's property which was insured by State Farm was not in fact worth $75,000.00 in its pre-Katrina state. Plaintiff readily stipulates that damages that she has incurred and are in fact sued upon herein do not exceed $75,000.00, exclusive of the interests and costs.

Memorandum, p. 2. The amount in controversy is ambiguous on the face of the Petition. However, Birdsall's purported stipulation contained in the text of her memorandum is not sufficient to rebut State Farm's evidence that her claim may well be for more that $75,000.00. It does not affirmatively renounce her right to

any recovery in excess of $75,000.00 inclusive of exemplary and punitive damages, penalties and attorneys fees, exclusive of interest and costs.

### Improper Joinder

This Court has numerous motions to remand pending in cases similar to this one, most of which present the same legal issues. The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, have repeatedly been set forth in similar cases pending in the Eastern District in recent months.  *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.); Bohannan v. Allstate Insurance Company, 06-7550 (E.D.La. December 2006).

Louisiana law imposes upon an insurance agent a fiduciary duty to the insured and the agent is liable for his own fault or neglect.  Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531, 536 (E.D. La. 4/25/06), *citing* Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229 (5th Cir. 1990).  Louisiana law recognizes a cause of action against

an agent who fails to obtain specifically "requested" insurance for the insured. Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728, 730 (La. 1973).  However, it protects an agent for a disclosed principal from personal liability to a third party unless the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal.  La. Civ. Code arts. 3016 and 3019; LeBlanc v. Mid-Continent Life Insurance, 1993 WL 432374, *1 (E.D.La. 10/21/93), *citing* Miller v. Powers & Tuttle, 145 So. 718, 719 (La. 1933).  It further imposes no duty on an agent to "spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage"  Dobson v. Allstate Ins. Co., 2006 WL 2078423, *10-11 (E.D.La 2006).

   Birdsall's Petition alleges only that Goodreaux "committed professional negligence by failing to properly inform [her] of the available insurance coverages for purchase covering her property..."  Petition, ¶ X.  She does not allege that she requested specific insurance coverage that Goodreaux failed to provide, or that he personally bound himself to procure specific coverage for her.  Although it may be a wise business practice, Goodreaux owed no duty to Birdsall to spontaneously identify and advise her of other or additional insurance coverages that she did not request.

   Based on an examination of the allegations in her petition,

Birdsall has not stated a claim against it under Louisiana law. The Court finds that Goodreaux has been improperly joined. It is not necessary to address State Farm's argument that the claims against Goodreaux are perempted.

## CONCLUSION

Absent a binding stipulation further clarifying the amount in controversy by affirmatively renouncing any right to recover in excess of $75,000.00 inclusive of exemplary and punitive damages, penalties and attorneys fees, exclusive of interest and costs, federal diversity jurisdiction exists and removal was proper. The Court may revisit the issue if such a binding stipulation is filed.

Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED.**

New Orleans, Louisiana, February 6, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge